# UNITED STATES DISTRICT COURT

for the

Middle District of Tennessee

Nashville Division

FILED

JAN 29 2021 DB

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN.

03 - 21   0073

| | |
|---|---|
| Michelle Israel | Case No. |
| | (to be filled in by the Clerk's Office) |
| *Plaintiff(s)* | |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | Jury Trial: *(check one)* ☐ Yes ☑ No |
| -v- | |
| Metropolitan Government of Nashville and Davidson County | |
| *Defendant(s)* | |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Michelle Israel |
| Street Address | 6944 Sunnywood Drive |
| City and County | Nashville, Davidson County |
| State and Zip Code | Tennessee, 37211 |
| Telephone Number | 615-930-8717 |
| E-mail Address | michelle.r.israel@gmail.com |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Page 1 of 6

Defendant No. 1

    Name                                   Metropolitan Government of Nashville and Davidson County

    Job or Title *(if known)*     Shannon B. Hall

    Street Address                  404 James Robertson Parkway, Suite 1000

    City and County              Nashville, Davidson County

    State and Zip Code           TN, 37219

    Telephone Number          (615) 862-6640

    E-mail Address *(if known)*  shannon.hall@nashville.gov

Defendant No. 2

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

C.      **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Metro Nashville Information Technology Services |
| Street Address | 700 2nd Avenue South |
| City and County | Nashville, Davidson County |
| State and Zip Code | 37219 |
| Telephone Number | (615) 862-6300 |

II.   **Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑     Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐     Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐     Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐     Other federal law *(specify the federal law)*:

☐     Relevant state law *(specify, if known)*:

☐     Relevant city or county law *(specify, if known)*:

**III.  Statement of Claim**

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.  The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☑ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☑ Unequal terms and conditions of my employment.
- ☐ Retaliation.
- ☐ Other acts *(specify)*: _____

    *(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.  It is my best recollection that the alleged discriminatory acts occurred on date(s)
    Latest date: 06/20/2018

C.  I believe that defendant(s) *(check one)*:

- ☑ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D.  Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race _____
- ☑ color      Black (Brown)
- ☐ gender/sex _____
- ☐ religion _____
- ☐ national origin _____
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)*
    _____

E.  The facts of my case are as follows.  Attach additional pages if needed.

Please see attached document entitled MIsrael Case Facts Summary, and right to sue letter provided by the Equal Employment Opportunity Commission.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

May 1, 2019

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☑ issued a Notice of Right to Sue letter, which I received on *(date)*   11/02/2020   .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

The Plaintiff is requesting that the court orders the Defendant to overturn the decision as the Plaintiff was terminated on unsubstantial grounds. The Plaintiff is also requesting the courts to order the Defendant to set in place an actual policy to establish equal opportunity and due process for all employees in this regard, and to address the known inequalities within the Defendant's organization. The Plaintiff is also seeking relief in the amount of $300,000 for Compensatory damages. The actions carried out by the Defendant surrounding the termination warranted unjust treatment and a severe impact on the Plaintiff's mental and emotional well being. Furthermore, the relief amount includes actual damages due to expenses incurred during the time frame in which the Plaintiff was unemployed.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _____ 1/6 , 20al _____

Signature of Plaintiff _____

Printed Name of Plaintiff _____

### B. For Attorneys   N/A = Pro Se Repr. station

Date of signing: _____

Signature of Attorney _____

Printed Name of Attorney _____

Bar Number _____

Name of Law Firm _____

Street Address _____

State and Zip Code _____

Telephone Number _____

E-mail Address _____

**MIsrael Complaint for Employement Discrimination**

- On June 20, 2018, the Plaintiff, Michelle Israel, was terminated by the Defendant, the Metropolitan Government of Nashville and Davidson County.

- The Plaintiff was employed within the Defendant's Information Technology Services Department.

- The Defendant stated **(see attachment entitled A - Determination Letter)** that the grounds for termination was based on violation of Civil Service Rules and Regulations Section 6.7 Provision 11: violation of any written rules, policies or procedures of the department in which the employee is employed.

- When the Plaintiff requested a copy of the written rule, policy or procedure, the Defendant did not provide it.

- The Plaintiff appealed the decision to the Defendant's Civil Service Commission department.

- The Defendant attested that a "pass" status required by a governing internal department was a written rule, policy or procedure.

- However, the Plaintiff's attorney provided evidence of a written statement on behalf of the Defendant's Chief Information Security Officer citing that he could not find any specific policy **(see attachment entitled B - ITS Admittance)**.

- The Plaintiff's attorney provided additional supporting evidence confirming the Plaintiff was not in violation of Provision 11, and that the termination was based on unsubstantial grounds. Key evidence includes two white male's employed with the Defendant who did not maintain a "pass" status, but were afforded the opportunity to retain employment throughout the investigation of the alleged charges **(see attachment entitled C Appeal)**.

1

- One of the two white males are still employed with the Defendant as his case was later dismissed **(see attachment entitled D Supporting Evidence)**.

- The second white male was terminated by the Defendant four months later as his alleged charges were not dismissed **(see attachment entitled E Supporting Evidence)**.

- The Plaintiff, who is black, was terminated before the investigation concluded - and within three weeks of the alleged charge; significantly less time than both white male employees.

- Despite providing evidence of duties that could be performed in the interim, the Plaintiff was not afforded the opportunity to retain employment throughout the investigation of the alleged charge.

- In addition to termination, the Plaintiff experienced significant mental and emotional distress. The Defendant permitted the arrest warrant for the alleged misdemeanor charge to be served while the Plaintiff was at work surrounded by colleagues.

- The alleged charge against the Plaintiff was dismissed three months later.

- The Plaintiff was not afforded the same treatment extended to the Defendant's male white employees.

- The Defendant has not provided evidence of a written policy.

- Three members of the Defendant's executive leadership team confirmed neither a written policy exists, nor a rule stating an employee must maintain a "pass" status; further supporting the fact the Defendant wrongfully terminated the Plaintiff **(see attachment entitled B ITS Admittance)**.

- The Defendant upheld the decision to terminate the Plaintiff, despite knowledge that termination was in fact based on unsubstantial grounds.

- The policy in question, which the Defendant attests as the reason for termination, does not exist.

2



**Metropolitan Government of Nashville and Davidson County**
David Briley, Mayor

**Information Technology Services Department**
Keith Durbin, CIO/Director of IT Services

June 20, 2018

Michelle Israel
660 Bell Road Apt. 212
Nashville, TN 37013

Re: Determination Letter

On June 18, 2018, an informal meeting/hearing was held in order for you to respond to the charges placed against you in the letter dated June 14, 2018. Present in the meeting was John Griffey, IS Assistant Director; Margaret Keck, IS Assistant Director and you.

It was undisputed that the following has occurred:

April 19, 2018          ITS became aware that you are no longer in a 'Pass' status regarding your background check.

As you are aware and have acknowledged on your Functional Job Description, your position with ITS requires that you "pass and maintain passing status from the Metro Nashville Police Department background clearance check," given your access to Sensitive Information. As a reminder, I have attached a copy of an email from Deputy Chief Damian Huggins validating Richy Vaughn's determination of a "Fail" status.

Based on the above information you are in violation of Civil Service Rules and Regulations as follows:

Section 6.7 – Grounds for Disciplinary Action:

Provision 11:     Violation of any written rules, policies or procedures of the department in which the employee is employed.

After considering the information you presented at the meeting the determination has been made that the charges are valid and disciplinary action against you is warranted. I have no choice but to terminate your employment as an IS Applications Analyst 3 from Metro ITS effective today, June 20, 2018 at 5:00 pm.

In accordance with Civil Service Rules, you have a right to request a meeting with me if you have additional information relevant to the charges as presented. You must make this request in writing to me, giving a brief description of the new information within ten (10) calendar days of this notice. You also have the right to appeal this action to the Civil Service Commission. If you elect to do so, your written request for



**From:** Griffey, John (ITS)
**To:** Durbin, Keith (ITS); Keck, Margaret (ITS)
**Subject:** FW: Quick question
**Date:** Wednesday, June 20, 2018 9:45:28 AM

I looked at the employee handbook. I could not find any specific policy. Best I recall, we chose to address this in the FJDs. Is that your recollection? Are you aware of anything?

**John Griffey**, CISSP, CEH, CPT, CISM, CRISC
Office: 615.880.2786

This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you are not the intended recipient or the person responsible for delivering the e-mail to the intended recipient, be advised that you have received this communication in error and that any use, dissemination, forwarding, printing, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify the sender immediately.

**From:** Waltenbaugh, Seth (Human Resources)
**Sent:** Wednesday, June 20, 2018 9:05 AM
**To:** Griffey, John (ITS)
**Subject:** Quick question
Hi John,

I'm helping Cyndy and Margaret with the determination letter for Michelle Israel and I'm hoping you can help me with something. Is there a departmental policy that states employees must maintain a "pass" status on their background check? I have a signed functional job description from her that lists this provision, but I'm hoping there's a specific policy we can point to in order to make it as clean and clear as possible if we are challenged on this.

Seth Waltenbaugh
Department of Human Resources
Metro Nashville Government
615-862-6640 ext. 72302
615-862-6659 (fax)



Metro Nashville
YOU SERVE METRO. WE SERVE YOU.

| From: | Maddox, Cyndy (ITS) |
|---|---|
| To: | Durbin, Keith (ITS) |
| Subject: | RE: Quick question |
| Date: | Wednesday, June 20, 2018 10:18:45 AM |
| Attachments: | image001.png |

Continued screenings ... I am looking for everything now through Gwen but that sounded like a threat there Keith.

**From:** Durbin, Keith (ITS)
**Sent:** Wednesday, June 20, 2018 10:18 AM
**To:** Maddox, Cyndy (ITS)
**Subject:** RE: Quick question
I thought we added that years ago... It better be in there!

**From:** Maddox, Cyndy (ITS)
**Sent:** Wednesday, June 20, 2018 10:16 AM
**To:** Durbin, Keith (ITS) <Keith.Durbin@nashville.gov>
**Cc:** Hornberger, Gwen (ITS) <Gwen.Hornberger@nashville.gov>
**Subject:** RE: Quick question
Gwen, please look in her file for the signed offer letter of Michelle Israel and forward to Keith and John. I don't think we say anything about maintaining a pass status but she will send it to you.

**From:** Durbin, Keith (ITS)
**Sent:** Wednesday, June 20, 2018 10:09 AM
**To:** Maddox, Cyndy (ITS) <Cyndy.Maddox@nashville.gov>; Griffey, John (ITS) <John.Griffey@nashville.gov>; Keck, Margaret (ITS) <Margaret.Keck@nashville.gov>
**Subject:** RE: Quick question
Can we pull her offer letter to see if it was included there as well as it is now?

**From:** Maddox, Cyndy (ITS)
**Sent:** Wednesday, June 20, 2018 10:07 AM
**To:** Griffey, John (ITS) <John.Griffey@nashville.gov>; Durbin, Keith (ITS) <Keith.Durbin@nashville.gov>; Keck, Margaret (ITS) <Margaret.Keck@nashville.gov>
**Subject:** RE: Quick question
No it is clearly stated in the background procedure that I sent Seth 10 minutes ago all applicants get this.

**From:** Griffey, John (ITS)
**Sent:** Wednesday, June 20, 2018 10:03 AM
**To:** Durbin, Keith (ITS) <Keith.Durbin@nashville.gov>; Keck, Margaret (ITS) <Margaret.Keck@nashville.gov>
**Cc:** Maddox, Cyndy (ITS) <Cyndy.Maddox@nashville.gov>
**Subject:** RE: Quick question
Per Cyndy – "the FJD in the only place this is clearly stated".
Per CJIS policy (https://www.fbi.gov/services/cjis/cjis-security-policy-resource-center)
5.12.1.1 Minimum Screening Requirements for Individuals Requiring Access to CJI

**From:** Maddox, Cyndy (ITS)
**To:** Durbin, Keith (ITS)
**Subject:** Re: Quick question
**Date:** Wednesday, June 20, 2018 3:59:54 PM
**Attachments:** image001.png

No I thought I did something wrong and I remember Betty Shein was involved it was back
when I had a manic husband so I was about to take blame for it all. Me overreacting.

Thank you,
Cyndy
Sent from iPhone

On Jun 20, 2018, at 3:28 PM, Durbin, Keith (ITS) <Keith.Durbin@nashville.gov> wrote:

> Not a threat, but when you look at it I can see where an ALJ might think that! Sorry...

**From:** Maddox, Cyndy (ITS)
**Sent:** Wednesday, June 20, 2018 10:19 AM
**To:** Durbin, Keith (ITS) <Keith.Durbin@nashville.gov>
**Subject:** RE: Quick question
Continued screenings ... I am looking for everything now through Gwen but that
sounded like a threat there Keith.

**From:** Durbin, Keith (ITS)
**Sent:** Wednesday, June 20, 2018 10:18 AM
**To:** Maddox, Cyndy (ITS) <Cyndy.Maddox@nashville.gov>
**Subject:** RE: Quick question
I thought we added that years ago... It better be in there!

**From:** Maddox, Cyndy (ITS)
**Sent:** Wednesday, June 20, 2018 10:16 AM
**To:** Durbin, Keith (ITS) <Keith.Durbin@nashville.gov>
**Cc:** Hornberger, Gwen (ITS) <Gwen.Hornberger@nashville.gov>
**Subject:** RE: Quick question
Gwen, please look in her file for the signed offer letter of Michelle Israel and forward to
Keith and John. I don't think we say anything about maintaining a pass status but she
will send it to you.

**From:** Durbin, Keith (ITS)
**Sent:** Wednesday, June 20, 2018 10:09 AM
**To:** Maddox, Cyndy (ITS) <Cyndy.Maddox@nashville.gov>; Griffey, John (ITS)
<John.Griffey@nashville.gov>; Keck, Margaret (ITS) <Margaret.Keck@nashville.gov>
**Subject:** RE: Quick question
Can we pull her offer letter to see if it was included there as well as it is now?

**From:** Maddox, Cyndy (ITS)
**Sent:** Wednesday, June 20, 2018 10:07 AM
**To:** Griffey, John (ITS) <John.Griffey@nashville.gov>; Durbin, Keith (ITS)
<Keith.Durbin@nashville.gov>; Keck, Margaret (ITS) <Margaret.Keck@nashville.gov>

**BEFORE THE CIVIL SERVICE COMMISSION OF THE METROPOLITAN**
**GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY**

| | | |
|---|---|---|
| **IN THE MATTER OF:** | ) | |
| | ) | |
| **Metropolitan Information Technology** | ) | |
| **Services of Nashville and Davidson County** | ) | **No. 43.02-153411J** |
| **Nashville and Davidson County,** | ) | **Judge Shannon Barnhill** |
| | ) | |
| **Petitioner** | ) | |
| **Vs.** | ) | |
| | ) | |
| **Michelle Israel,** | ) | |
| **Grievant.** | ) | |

C – APPEAL

## GENERAL STATEMENT

The Metropolitan Government of Nashville and Davidson County, ("Metropolitan Government" or "ITS"), hereby responds to Ms. Israel's second request for discovery. On October 31, 2018, Metro provided Ms. Israel with two-discs containing hundreds of documents. With respect to the additional documents sought by Ms. Israel pursuant to this request, Ms. Israel provided broad search terms to Counsel for Metro which search resulted in over 9,000 emails. Metro has in good faith, on two separate occasions, requested of Ms. Israel's provide more specific search terms to no avail.

## METRO GOVERNMENT'S RESPONSE TO PETITIONER'S SECOND DISCOVERY

## REQUEST

1. ITS Security Report: Date range is between October 2015 - December 2015. This is a report that Michelle created that outlined the security attestations for the Metro BC/DR Applications right before they were upgraded. John Griffey should know where to find this report

Metro's Response: Objection. This is document is not relevant to Ms. Israel's termination of April 19, 2018. Ms. Israel's performance is not at issue.

Counsel Response: Metro's objection and perspective in regards to the relevancy of documents requested via subpoena are erroneous. Ms. Israel communicated on multiple occasions to Tara Ladd, Cyndy Maddox, Keith Durbin and Margaret Keck that this appeal is based on the grounds of discrimination. Ms. Israel is aware that her performance was not an issue. **The issue is that she was terminated on unsubstantial grounds.**

## Background of Termination on Unsubstantial Grounds:

Metro stated on 6/20/18 (**see attachment entitled** *Determination Letter*) that the grounds for termination was based on violation of Civil Service Rules and Regulation Section 6.7 Provision 11: Violation of any written rules, policies or procedures of the department in which the employee is employed.

Metro is attesting that maintaining a "Pass" status by Metro Nashville Police Department is a written rule, policy, or procedure. However, ITS Leadership has confirmed through internal discussion that it is in fact not a written rule, policy, or procedure (**see attachment entitled** *Pass Status Discussion*).

Given this information, Ms. Israel was not in violation of Provision 11 and her termination was based on unsubstantial grounds.

Furthermore, there are several instances in which two male Metro employees, who are of Caucasian descent, **did not maintain an "Pass" status** by Metro Nashville Police Department , but were allowed to retain employment throughout the investigation of their alleged charges (**see attachments entitled** *Supporting Evidence A, B and C*). In both cases, the two Caucasian male employees were allowed continued employment with accommodations. One of the Caucasian male employees, who had his case later dismissed, is still employed with Metro.

Ms. Israel was not only denied the opportunity to retain employment until the investigation concluded, but she was terminated before the investigation concluded – and in less time than both of the Caucasian male employees.

It is also important to note that since her termination, the alleged charge against Ms. Israel has been dismissed. She was not afforded the same due process that was extended to the two male Caucasian employees listed in this case. Furthermore, the policy in question, which Metro attests as the reason for termination, does not exist.

3

2. Email from Michelle Israel sent to Angela at MNPD: Approximate date is in April 2018. This email had an attachment with it that is a copy of an email from Richy Vaughn. Please provide the conversation thread between Michelle and Angela as well as the attachment on the email

**Metro's Response:** Objection. This request is vague, overly broad and unduly burdensome in that without more information, Mr. Vaughn's entire email inbox would need to be searched.
**Counsel Response:** We are no longer requesting this information.

[N0268640 1J]                    AH-06786

3. All email conversations (entire inbox i.e. sent, deleted, received) in Richy Vaughn's (MNPD) Outlook email account: Date range is between March 2018 - December 2018. Keywords include "Michelle, Michelle Israel, ITS, AboutME, BCDR Report, Officer Address, Officer Addresses, or Report"

**Metro's Response:** Objection. This request is irrelevant, vague, overly broad and unduly burdensome in that Ms. Israel's job performance is not at issue and this request seeks documents generated both before her termination and months after her termination. Metro could not obtain these documents without undue burden; prior to production Metro would have to review every document to determine if any relevant privilege attaches.

Notwithstanding the foregoing broad request, Metro has previously provided numerous emails drafted by Mr. Vaughn concerning Ms. Israel's termination.
**Counsel Response:** We are no longer requesting this information.

4. All email conversations (entire inbox i.e. sent, deleted, received) in Angela's (MNPD) Outlook email account: Date range is between April 2018 - June 2018. Keywords include "Michelle, Michelle Israel, ITS, AboutME, BCDR Report, Officer Address, Officer Addresses, or Report"

**Metro's Response:** Objection. This request is irrelevant, overly broad and unduly burdensome. Again, Ms. Israel's performance is not at issue and this request seeks documents generated before and after her termination. Metro could not obtain these documents without undue burden; prior to production Metro would have to review every document to determine if any relevant privilege attaches. Additionally, Angela is an employee of MNPD with no relationship or nexus to Ms. Israel's termination.
**Counsel Response:** We are no longer requesting this information.

5. All email conversations (entire inbox i.e. sent, deleted, received) in Keith Durbin's (ITS) Outlook email account: Date range is March 2018 - December 2018. Keywords include "Ransomware, Atlanta, Atlanta Cyberattack, Council-members, Constituents, Security Breach, Metro BCDR, BCM Program, System Security, Breach, Security"

**Metro's Response:** Objection. This request is irrelevant, overly broad and unduly burdensome. Again, Ms. Israel's performance is not at issue and this request seeks documents generated before and after her termination. Metro could not obtain these documents without undue burden; prior to

4

production Metro would have to review every document to determine if any relevant privilege attaches.

<u>Counsel Response:</u> We are no longer requesting this information.

6. All email conversations (entire inbox i.e. sent, deleted, received) in Michelle Israel's (ITS) Outlook email account: Date range is March 2018 - April 2018. Keywords include "Ransomware, Atlanta, Atlanta Cyberattack, Council-members, Constituents, Security Breach, Metro BCDR, BCM Program, System Security, Breach, Security"

<u>Metro's Response:</u> Objection. This request is irrelevant, overly broad and unduly burdensome. Again, Ms. Israel's performance is not at issue and this request seeks documents generated before and after her termination. Metro could not obtain these documents without undue burden; prior to production Metro would have to review every document to determine if any relevant privilege attaches.

<u>Counsel Response:</u> We are no longer requesting this information.

[N0268640 1]                    AH-06786

7. AboutME Compliance Report for MNPD: Needing a current report so the date can be the date this request is received.

<u>Metro's Response:</u> Objection. This request is irrelevant. The AboutMe Compliance Report has no bearing on Ms. Isreal's termination.

<u>Counsel Response:</u> We are no longer requesting this information.

8. AboutME Compliance Report's for MNPD: Approximate dates are *N/*A, but the files were created between March 2017 and April 2018. These reports should be on Michelle's shared drive somewhere. John Griffey should be able to find these reports

<u>Metro's Response:</u> Objection. This request is irrelevant, vague, overly broad and unduly burdensome. The AboutMe Compliance Report has no bearing on Ms. Isreal's termination.

<u>Counsel Response:</u> We are no longer requesting this information.

9. HR File and Employee Performance Plan Review files for John Griffey

<u>Metro's Response:</u> Objection. This request is irrelevant and overly board. Notwithstanding the objection, Mr. Griffey's HR is attached hereto.

I0. HR File and Employee Performance Plan Review files for Robert Rawlins, Jr.

<u>Metro's Response:</u> Objection. This request is irrelevant and overly board. Further, pursuant to Metro's General Record's Schedule, "If an employee is separating from Metro, retain department copy file 5 years, then securely destroy." Mr. Rawlins was terminated from ITS in 2011 and his files have been destroyed. Notwithstanding the objection, documents related to Mr. Rawlin's termination are attached.

5

11. MNPD records of John Griffey's Pass/Fail History.

   Metro's Response: Pass/Fail for Mr. Griffey is attached.

12.   MNPD records of Robert Rawlin's, Jr. Pass/Fail History.

   Metro's Response: Pass/Fail for Mr. Rawlins is attached.

13. Human Resources Survey Data from Kaleidoscope: Date range is in 2017 or 2018. This survey
    was sent out from Central HR and collected data on all Metro Employees. Please provide the
    results specific to ITS. Keith Durbin should know where to find this information. The report was
    shared with ITS Senior Leadership in 2018.

   Metro's Response: This request is irrelevant, vague, overly broad and unduly burdensome.  This
   survey has no bearing on Ms. Israel's termination.
   Counsel Response:  We are no longer requesting this information.

[N0268640 l]                       AH-06786

Filed this   J1   day of April, 2019

                                        Respectfully submitted,

                                        THE DEPARTMENT OF LAW OF THE
                                        METROPOLITAN GOVERNMENT OF
                                        NASHVILLE AND DAVIDSON COUNTY



                                        Metropolitan Attorney
                                        P.O. Box 196300
                                        Nashville, Tennessee 37219-6300
                                        615-880-3751

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been sent by U.S. Mail, postage prepaid, to:

Shannon Barnhill, ALJ
Administrative Procedures Division
312 Rosa Parks Blvd., Wm. R. Snodgrass Twr., 8th Fl.
Nashville, TN 37243

Courtney Teasley
Attorney for Michelle Israel
615 Main Street, Suite 127
Nashville, TN 37206

on this 6! day of April, 20t 9.

(N026S640.1J

AH-06786

7



**Record Check Search Criteria: Griffey, John -- D.O.B.: 7/20/1969**
Nashville, Davidson County, Tennessee - Criminal Court Clerk
Date of Report: 8/6/2018 7:45:20 PM

# CJIS DATA

**Case Details:**
Name: **Griffey, John C**   Date of Birth: **7/20/1969**
Disposition: **Guilty**   Disposition Date: **23-APR-01**
Case Number: **390387F**   Case Type: **GS**   Offense Date: **11/9/2000**   Citation/Arrest Date: **3/19/2001**   Case Status: **CLOSED**
Charged Offense: **Speeding over 75 mph**   Charge Type (F/M): **MISD**   Amended Offense:   Convicted Offense: **Speeding over 75 mph**   Convicted
Type(F/M): **MISD**
Concurrent With:   Consecutive to:

**Appearance Details:**
Date: **4/25/2001**   Judge: **Dumas, Gloria**   Court Room: **Room 300 - Court House**
Attorney:   Reason: **Settlement**

**Incarceration:**
Location:   Years:   Months:   Days:   Percentage:
Suspended All But:   SAB%:   Day for Day?:   Hour for Hour?:   Report Date:
Suspended?:   No Work Default?:   Work Release?:   Work Release %:   No Early Release?:
Time Served Credit: Months:   Days:   Hours:
Incarceration Special Conditions:

**Court Costs:**
Court Costs: **$.00**   Court Fines: **$2.00**   Total Owed: **$.00**   Fines Special Condition:

**Probation:**
Type:   Years:   Months:   Days:
Probation Special Condition:

**Restitution:**
**$.00**
Notes:

D – SUPPORTING EVIDENCE

**From:**
**Sent:**
**To:**
**Subject:**
**Attachments:**

**Importance:**                    High


Here is the fail from the original arrest fail background check.


**From:** Keck, Margaret (ITS)
**Sent:** Monday, February 14, 2011 1:16 PM
**To:** Newton, Mary (ITS)
**Subject:** FW: Pass-Fail Updates
**Importance:** High


FYI


**From:** Barnett, Sarah (MNPD)
**Sent:** Monday, February 14, 2011 1:05 PM
**To:** Keck, Margaret (ITS); Brockmann-Baker, Rita (MNPD); Clark, Emrick (MNPD)
**Cc:** Vaughn, Richy (MNPD); Durbin, Keith (ITS)
**Subject:** Pass-Fail Updates

## Updates have been made to the Pass-Fail list.

<u>METRO ITS</u>
RAWLINS, ROBERT............FAIL

**Please see attachments for updates.**

**Thank you!**

**Sarah Barnett**
**IT Division Assistant**
**615-862-7451 Office**
**615-313-9022 Fax**
<u>**Sarah.Barnett@Nashville.gov**</u>

This list is the ONLY pass/fail list for MNPD Security Area access. No other
authorization either written or verbal is valid and Police IT does not release any
background information to anyone other than the specific employee beyond this list.

1

E – SUPPORTING EVIDENCE

| Name | Race | Gender | DOB | Photo | Status |
|---|---|---|---|---|---|
| | WHITE | FEMALE | |  | PASS |
| | WHITE | MALE | 8/31/1965 |  | FAIL |
| REDDING, BENECCA | BLACK | FEMALE | |  | NO LONGER EMPLOYED |
| | WHITE | FEMALE | |  | NO LONGER EMPLOYED |
| | BLACK | FEMALE | |  | NO LONGER EMPLOYED |



Metropolitan Government of Nashville and Davidson County
Department of Information Technology Services

To:     Mr. Robert Rawlins
        Information Technology Services
        700 Second Avenue South

Date:   July 8, 2011

Re:     Determination Letter

Mr. Rawlins,

On July 6, 2011 an informal discussion was held in order for you to respond to the charges placed against you in the Charges Letter of June 22, 2011. You were charged with violation of Civil Service Rules and Regulations as follows:

Chapter 6, Section 6.7 - Grounds for Disciplinary Action

| | |
|---|---|
| Provision 2 | Deficient or inefficient performance of duties |
| Provision 11 | Violation of any written rules, policies or procedures of the department in which the employee is employed |
| Provision 16 | Inability to perform duties, when reasonable accommodation has been considered and cannot be made |
| Provision 32 | Any failure of good behavior which reflects discredit upon himself, the department and/or the Metropolitan Government |
| Provision 33 | Conduct unbecoming an employee of the Metropolitan Government |

After considering the above charges and the information presented during the informal discussion, a determination has been made that the charges are valid and disciplinary action against you is warranted. Specifically, you are in a failed security status and as such are not in compliance with the ITS Security Policy which you signed indicating your agreement to comply with it and its supporting components and are unable to perform the duties for which you were hired.

I have seriously considered all the points of consideration that you presented during the informal discussion. However, because you are in a fail security status, you are hereby informed of your dismissal from employment effective on Friday, July 8, 2011. A member of our staff will assist you in removing all your personal effects from the office and to turn in any Metro property that you have been assigned.

In accordance with Civil Service Rules, you are hereby notified of your right to request a meeting with me if you have additional information relevant to the charges as presented. You must make this request in writing to me, giving a brief description of the new information within ten (10) calendar days of this notice. You are also hereby advised of your right to request a review of this action by the Civil Service Commission. If you elect to do so, your written request for a review must be sent to the Commission within fifteen (15) calendar days of the notice of the disciplinary action taken unless you have filed a

---

700 2nd Ave South Suite 301, Nashville TN 37210        phone: 615.862.6222  web: www.nashville.gov

timely written request with me to consider additional evidence. In that event you shall have fifteen (15) calendar days after a written response from me to file an appeal with the Civil Service Commission.

Sincerely,

Keith Durbin
Director, Information Technology Services Department
Metro Government of Nashville and Davidson County

I acknowledge receipt of this disciplinary action on the date indicated by my signature.

_Robert C. Rawls, L._

**Employee Name**

_7|11|11_

**Date**

cc: Personnel
    HR File